UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER KOPSAFTIS and CHRIS LARDAKIS, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE UNIVERSAL INSURANCE CO. and PROGRESSIVE NORTHERN INSURANCE CO., <br><br> Defendants. | No. 20 CV 6261 <br><br> Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss [12] is granted. The complaint is dismissed with prejudice. Enter judgment and terminate civil case.

## STATEMENT

Fewer cars were on Illinois roads in the early months of the COVID-19 pandemic. [1-1] ¶¶ 18–19.[1] Defendants Progressive Universal Insurance Co. and Progressive Northern Insurance Co. gave their auto-insurance policyholders a 20% premium credit for April 2020 and promised more credits in the future. [1-1] ¶ 26. When Progressive announced its premium credit, it didn't announce how it compared to the rebates given by other insurance companies, and said that Progressive was committed to making sure that its customers had "the protection and support" they needed. [1-1] ¶¶ 41–42. Plaintiffs Peter Kopsaftis and Chris Lardakis were Progressive auto-insurance policyholders. In this lawsuit, they say that Progressive defrauded them and acted in contractual bad faith by giving them a credit and

---

[1] Bracketed numbers refer to entries on the district court docket, and cited page numbers are taken from the CM/ECF header placed at the top of filings. I assume the facts alleged in the complaint are true, and in addition to the allegations of the complaint, I consider documents referenced in the complaint and central to its claims (*i.e.*, the insurance policies) and facts mentioned by the plaintiffs in their opposition brief that are consistent with the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

claiming to have a commitment to protect and support them. [1-1]. Progressive moves to dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).[2]

When Progressive said it was committed to protecting and supporting its customers, and when it made similar statements about fulfilling a promise of trust and doing the right thing, it did not commit fraud. Plaintiffs' theory is that by giving a meager credit cloaked in friendly terms, Progressive hid the fact that its premiums were grossly inflated now that fewer cars were on the road. It earned an unfair windfall and should have given its customers a bigger credit. But the policies, [13-1], did not require Progressive to recalculate premiums during the policy period and gave the policyholder the right to cancel the contract any time. [13-1] at 34, 75. Generic platitudes about caring for customers are not material statements of fact and Progressive truthfully informed plaintiffs that it was giving them a 20% credit for April. Plaintiffs allege that Progressive's credit compares unfavorably to other insurance companies' pandemic relief programs, [1-1] ¶¶ 24, 27, and although they argue now that no reasonable consumer could be expected to understand the comparison, that argument is inconsistent with the complaint. The complaint succinctly alleges that public information exposes Progressive as a cheapskate. But this demonstrates that Progressive concealed no material facts. And Progressive's own profit margins are not part of the reasonable consumer's choice not to cancel the policy or shop around—plaintiffs don't even allege that had they known how much money Progressive was making they would've acted differently. *See Toulon v. Continental Casualty Co.*, 877 F.3d 725, 740 (7th Cir. 2017). In their opposition brief, plaintiffs cite publicly available information about Progressive's net income, which further undermines their claim that Progressive omitted material information about its windfall.

In *Ridings v. American Family Insurance Co.*, No. 20 CV 5715, 2021 WL 722856, at *2–8 (N.D. Ill. Feb. 24, 2021), I addressed the same theories brought by different plaintiffs against a different insurance company's premium-relief program. The analysis here is the same, Progressive's alleged statements and the terms of the contracts are not meaningfully different than the company's statements and policies in *Ridings*, and I continue to hold the same views I expressed in *Ridings*. The Illinois Consumer Fraud and Deceptive Business Practices Act (under either a deceptiveness or unfairness theory), Illinois common law, and the implied duty to exercise contractual discretion in good faith do not prohibit Progressive's conduct. *Ridings*, 2021 WL 722856, at *2–7. And since fraud has not been alleged and the parties' relationship is governed by a contract, unjust enrichment does not apply. *Id.*, 2021

---

[2] The notice of removal alleges that plaintiffs are Illinois citizens, and defendants are citizens of Wisconsin and Ohio. [1] at 2. The aggregate amount in controversy exceeds $5,000,000. [1] at 3–4. This court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

WL 722856, at *7. With the failure to state an affirmative claim for relief, there is no reason to separately declare the parties' rights. *Id.*, 2021 WL 722856, at *8.[3]

Plaintiffs cannot cure the problems through an amended complaint because the premise that Progressive owed them a greater premium discount cannot support any of the legal theories alleged. Amendment would be futile. The complaint is dismissed with prejudice.

ENTER:

Date: March 1, 2021

Manish S. Shah
U.S. District Judge

---

[3] I do not reach the parties' arguments about the adequacy of the allegations under Fed. R. Civ. P. 9(b) in this case because the implausibility of the general theory of fraud suffices to resolve the motion. Progressive makes an argument not raised in *Ridings*: that the filed-rate and primary-jurisdiction doctrines protect it from this court's jurisdiction. The primary-jurisdiction doctrine is not one of federal subject-matter jurisdiction. It requires delay to afford an agency an opportunity to address an issue before the court resumes jurisdiction, but does not strip a federal court of its power over a dispute. *See Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001). As the court observed in *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013), it is not clear that the Illinois Department of Insurance has the authority to approve or disapprove insurance rates, and since I conclude that the complaint does not state a claim for relief, I do not reach the filed-rate and primary-jurisdiction questions here. *See id.* at 608 (failure to state a claim is an appropriate reason to avoid "nuanced questions of federal preemption and the filed-rate doctrine").